UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DAWNE SMITH, INDIVIDUALLY AND ON BEHALF OF EDNA CHAMBLESS** | * | **CIVIL ACTION NO. 08-0104** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MEDTRONIC, INC.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

On February 22, 2008, the court ordered the parties to meet and develop a case management plan. (*See*, Civil Case Management Order). On May 9, 2008, defendant filed the Rule 26(f) Case Management Report, but noted that the report was submitted solely on its own behalf because defense counsel had been unable to contact plaintiff. (*See*, Rule 26(f) Case Management Report).[1]

Due to plaintiff's apparent failure to heed the court order to participate in the case management plan drafting process, the undersigned set a telephone conference for June 3, 2008, to address this, and other related issues. (May 13, 2008, Order). Plaintiff was instructed to contact defense counsel no later than one day prior to the conference to provide a telephone number where she could be reached for the conference. Plaintiff failed to do so. Moreover, at the time of the conference, she could not be reached at the telephone number listed for her in the telephone book.[2]

---

[1] Plaintiff, Dawne Smith, is prosecuting the instant case in proper person.

[2] The docket sheet does not contain any telephone number for plaintiff.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

In light of plaintiff's repeated failure to comply with, or respond to court orders,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).[3]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[3] While the court is well aware of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 4th day of June, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE